IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| JULIAN R. ASH, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 1:23-CV-2873 |
| | ) | |
| GEORGE L. RUSSELL, III, | ) | |
| | ) | |
| Defendant. | ) | |
| -------- | ) | |
| JULIAN R. ASH, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 1:24-CV-809 |
| | ) | |
| JAMES K. BREDAR, | ) | |
| | ) | |
| Defendant. | ) | |
| -------- | ) | |
| JULIAN R. ASH, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 1:24-CV-1109 |
| | ) | |
| JULIE R. RUBIN and STEPHANIE SAVOY, | ) | |
| | ) | |
| Defendants. | ) | |

# **ORDER**

Julian R. Ash, the plaintiff in these three cases, was the losing litigant in a civil action against the Office of Personnel Management filed in this district in 2022. While that case was on appeal, Mr. Ash filed separate lawsuits in state court against three United

States District Judges. In the third lawsuit, he also named an employee of the Clerk's Office. The defendants removed all three cases to federal court and now move to dismiss. The plaintiff moves to remand and has also filed various motions seeking recusal of judges and attorneys.

I.     **Procedural Background**

The three pending cases arise over Mr. Ash's dissatisfaction with the decisions and judicial acts in the OPM lawsuit. A brief summary of that case and the procedural history of the three cases now pending follows.

### A. The OPM Lawsuit / No. 22-CV-649

In 2021, Mr. Ash, acting *pro se*, sought judicial review in the United States Court of Appeals for the Federal Circuit of a decision by OPM as affirmed by the Merit Systems Protection Board. *See* Order, *Ash v. OPM*, No. 22-CV-649, Doc. 1 (D. Md. Mar. 17, 2022).[1] The case involved his former federal employment. Doc. 6. The Federal Circuit transferred the case to the United States District Court for the District of Maryland. Doc. 1 at 4. The case was assigned to United States District Judge George L. Russell, III. *See, e.g.*, Doc. 17. On April 4, 2023, after various motions were filed and briefed, Judge Russell granted OPM's motion to dismiss and entered judgment in favor of OPM. Doc. 66. Mr. Ash filed what was in essence a motion for reconsideration, Doc. 68, and the case was reassigned to United States District Judge James K. Bredar. Docket Note 09/27/2023. More motions were filed and briefed, and on November 14, 2023,

---

[1] All citations in this paragraph are to the docket in *Ash v. OPM*, No. 22-CV-649.

Judge Bredar denied all of Mr. Ash's various motions. Doc. 104. Throughout these proceedings, Mr. Ash also filed notices of appeals, but none were successful. *See, e.g.*, Doc. 76-1; Doc. 109.

### B. The Russell Lawsuit / No. 23-CV-2873

While Mr. Ash's motions were pending before Judge Bredar, Mr. Ash, again acting *pro se*, filed suit against Judge Russell in Baltimore County Circuit Court. *See* Exhibit to Notice of Removal, *Ash v. Russell*, No. 23-CV-2873, Doc. 1-2 at 1 (D. Md. Oct. 23, 2023) (complaint file-stamped in state court Sept. 18, 2023).[2] He asserts 42 U.S.C. § 1983 claims against Judge Russell for alleged constitutional violations and mentions various other federal statutes. *Id.* at 1.[3] Through counsel in the United States Attorney's office, the defendant removed the case to this Court pursuant to 28 U.S.C. §§ 1441, 1442, and 1446, Doc. 1, where it was assigned to United States District Judge Stephanie A. Gallagher. Docket Note 10/24/2023. The defendant filed a motion to dismiss. Doc. 16. Mr. Ash filed a motion to remand and an amended motion to remand. Doc. 18; Doc. 19. He also filed motions to recuse and disqualify Judge Gallagher, Doc. 21, and the attorneys representing Judge Russell. Doc. 22. He also filed a surreply to the motion to

---

[2] All citations in this paragraph are to the docket in *Ash v. Russell*, No. 23-CV-2873.

[3] Mr. Ash alleges that Judge Russell violated his constitutional rights in dismissing the OPM lawsuit by, among other things, denying him a right to a jury trial, failing to act in accord with "Federal Regulations as a presiding officer," violating ethical guidelines and failing to "recognize state and federal citizenship rights of a disabled veteran." *Russell*, No. 23-CV-2873, Doc. 4 at 4. He seeks relief for obstruction of justice, violation of various federal statutes, and denial of his First, Seventh and Fourteenth Amendment constitutional rights as well as his "equal protection of rights." *Id.* at 5.

dismiss. Doc. 23. The case has been reassigned to the undersigned and these motions are ripe for resolution.

### C. The Rubin/Savoy Lawsuit / No. 24-CV-1109

Shortly before Judge Bredar denied Mr. Ash's motion to reconsider in the OPM case, Mr. Ash sued United States District Judge Julie R. Rubin and Stephanie Savoy, an employee in the Clerk's Office, in Baltimore County Circuit Court. *See* Exhibit to Notice of Removal, *Ash v. Rubin*, No. 24-CV-1109, Doc. 1-2 (D. Md. Apr. 16, 2024) (complaint file-stamped in state court October 20, 2023).[4] He alleged that they violated his rights when they "transmitted" his OPM case to the United States Court of Appeals for the Fourth Circuit. *Id.* at p. 5 ¶ 2. He cited a number of federal statutes in the complaint. *Id.* at pp. 7–8. Judge Rubin and Ms. Savoy removed the case to federal court on April 16, 2024, Doc. 1, and filed a motion to dismiss on May 17, 2024. Doc. 10. Mr. Ash filed a motion to remand on June 17, 2024, Doc. 12, and did not otherwise respond to the motion to dismiss. The case has been reassigned to the undersigned and these motions are ripe for resolution.

### D. The Bredar Lawsuit / No. 24-CV-809

About a month after Judge Bredar denied Mr. Ash's motion to reconsider in the OPM case, Mr. Ash sued Judge Bredar in Baltimore County Circuit Court. *See* Exhibit to Notice of Removal, *Ash v. Bredar*, No. 24-CV-809, Doc. 1-1, (D. Md. Mar. 19, 2024)

---

[4] All citations in this paragraph are to the docket in *Ash v. Rubin*, No. 24-CV-1109.

(indicating filing date of January 8, 2024); Doc. 1-2 (state court complaint).[5]  He again referenced § 1983 and various other state and federal statutes, essentially contending that Judge Bredar had violated his rights by denying the motion to reconsider.  Doc. 1-2.  Judge Bredar, through counsel in the United States Attorney's office, removed the case on March 19, 2024, Doc. 1, and filed a motion to dismiss on May 2, 2024.  Doc. 12.  Mr. Ash filed a motion to remand, Doc. 16, a motion to recuse and disqualify the undersigned, Doc. 19, and a paper writing entitled, "Plaintiffs' Reply in Response to Motion to Dismiss and Motion for a More Definite Statement."  Doc. 20.  The case has been reassigned to the undersigned and these motions are ripe for resolution.

## II.     The Motions to Disqualify

In the *Russell* case, Mr. Ash moves to disqualify Judge Gallagher.  *See* Motion for Recusal, *Russell*, No. 23-CV-2873, Doc. 21.[6]  That motion will be denied as moot, as the case has since otherwise been reassigned.  Docket Note 04/25/2024.  He also moves to disqualify Erek L. Barron, who he identifies as "the District Attorney of Maryland," and Ariana W. Arnold, who he identifies as an "AUSA," from acting as counsel for Judge Russell.  Doc. 22 at 2.  The petition for removal filed on behalf of Judge Russell is signed by Ms. Arnold, an Assistant United States Attorney, and reflects the name of Mr. Barron as United States Attorney, Doc. 1 at 3, as do other briefs and motions filed on behalf of the defendant.  *See, e.g.*, Doc. 7; Doc. 9; Doc. 16.

---

[5] All citations in this paragraph are to the docket in *Ash v. Bredar*, 24-CV-809.

[6] All citations in this paragraph are to the docket in *Ash v. Russell*, 23-CV-2873.

5

In support of this motion, Mr. Ash recites aspects of the procedural histories of other cases, includes long quotes from various filings, and makes conclusory assertions that in filing various briefs and motions Mr. Barron and Ms. Arnold have violated various ethical rules, committed perjury, made false statements, and defamed and slandered him. Doc. 22.[7]  Beyond his conclusory assertions, he submits no evidence in support of his contentions.  There is no evidence or plausible contention that either attorney has violated any ethical rules or misrepresented the facts or the law.  Nor has he supported his contentions about a conflict of interest with any evidence.

When deciding a motion to disqualify a lawyer, courts must balance "the client's free choice of counsel and the maintenance of the highest ethical and professional standards in the legal community." *Buckley v. Airshield Corp.*, 908 F. Supp. 299, 304 (D. Md. 1995) (quoting *Tessier v. Plastic Surgery Specialists, Inc.*, 731 F. Supp. 724, 729 (E.D. Va. 1990)).  Because disqualification is a drastic measure, the movant "bears a high standard of proof to show that disqualification is warranted." *Id.* (quoting *Tessier*, 731 F. Supp. at 729).  Here, Mr. Ash's motion appears motivated by the fundamental misconception that anyone who disagrees with him must be a liar and engaged in a vendetta against him.  Such unsupported accusations are not a valid reason to disqualify counsel. *See, e.g.*, *Carrasco v. M&T Bank*, No. 21-CV-532, 2021 WL 4846844, at *11 (D. Md. Oct. 18, 2021).  The motion to disqualify counsel will be denied.

---

[7] All citations in this paragraph are to the docket in *Ash v. Russell*, No. 23-CV-2873.

In the *Bredar* case, Mr. Ash moves to disqualify the undersigned. *See* Motion for Recusal, *Bredar*, No. 24-CV-809, Doc. 19.[8] In support of this motion, he purports to cite various regulations, cases, rules, and statutes, but he does not explain why or how they apply to his motion. *See generally id.* The only comprehensible arguments he makes are that assignment of the undersigned to his three cases "circumvents the Random selection of Judges" and that the undersigned has not ruled on other motions in a timely fashion. *Id.* at 6, 9. He otherwise makes an unsupported and vague assertion of corruption within the District of Maryland. *Id.* at 6.

Title 28, United States Code, Section 455 identifies the situations in which a judge must recuse herself from a proceeding. A judge is presumed to be qualified, and there is a substantial burden to show grounds for believing the contrary. *Nakell v. Att'y Gen. of N.C.*, 15 F.3d 319, 325 (4th Cir. 1994); *see also Rochester v. Laubshire*, No. 12-CV-236, 2012 WL 2805717, at *2 (D.S.C. July 10, 2012) (holding where a judge is named as a defendant and is assigned to the case the requirement to disqualify himself is not absolute and recusal is not required where a litigant vexatiously sues a judge or makes frivolous allegations against the judge and is abusing the judicial system).

Mr. Ash has made no showing that the Court's impartiality might reasonably be questioned, 28 U.S.C. § 455(a), or that the Court has personal bias or prejudice or personal knowledge of disputed evidentiary facts. § 455(b)(1). This Court knows nothing of Mr. Ash or his claims except what it has learned through reviewing the

---

[8] All citations in this paragraph are to the docket in *Ash v. Bredar*, 24-CV-809.

pleadings, motions, and other matters on the docket. There has been no unusual delay in resolving Mr. Ash's motions, none of which have been pending for long. The fact that one judge is assigned to three cases with obvious overlapping issues promotes efficiency and appropriate management of court resources. The motion to recuse will be denied.

### III. The Motions to Remand

In all three cases, Mr. Ash moves to remand the cases to state court. *See Russell*, No. 23-CV-2873, Doc. 18; Doc. 19; *Rubin*, No. 24-CV-1109, Doc. 12; *Bredar*, No. 24-CV-809, Doc. 16. He contends that federal courts lack subject matter jurisdiction over his cases, but he makes no clear argument to support that contention. While he is correct that federal courts are courts of limited jurisdiction, he ignores a federal statute directly on point: 28 U.S.C. § 1442. That statute explicitly provides that a civil action commenced in state court against "any officer of the courts of the United States, for or relating to any act under color of office or in the performance of his duties" may be removed to a United States district court. § 1442(a)(3). In each of these three cases, Mr. Ash alleges that the defendants are federal judges who took judicial actions in connection with his litigation against OPM. The motions to remand will be denied.

### IV. The Motions to Dismiss

In all three pending cases, the defendants move to dismiss. *Russell*, No. 23-CV-2873, Doc. 16; *Rubin*, No. 24-CV-1109, Doc. 10; *Bredar*, No. 24-CV-809, Doc. 12. They assert several grounds, including lack of personal jurisdiction based on failure to obtain

proper service,[9] lack of subject matter jurisdiction due to sovereign immunity and absolute judicial immunity,[10] and failure to state a claim.[11]

### A. Service of Process

"Service of summons is the procedure by which a court having venue and jurisdiction of the subject matter of the suit asserts jurisdiction over the person of the party served." *Omni Cap. Int'l, Ltd. v. Rudolf Wolff & Co.*, 484 U.S. 97, 104 (1987) (cleaned up); *see Hawkins v. i-TV Digitalis Tavkozlesi zrt.*, 935 F.3d 211, 228 (4th Cir. 2019) (noting that "[p]ersonal jurisdiction requires valid service of process"). A defendant must be served with a proper summons and a copy of the complaint. FED. R. CIV. P. 4(c)(1).

"Absent effective service of process, a court is without jurisdiction to render a personal judgment against a defendant." *Fed. Deposit Ins. Corp. v. Schaffer*, 731 F.2d 1134, 1135–36 (4th Cir. 1984); *see also Hawkins*, 935 F.3d at 228. When a defendant challenges personal jurisdiction under Rule 12(b)(2), the plaintiff bears the burden of making a *prima facie* showing of personal jurisdiction by a preponderance of the evidence. *UMG Recordings, Inc. v. Kurbanov*, 963 F.3d 344, 350 (4th Cir. 2020). "In considering whether a plaintiff has met this burden, a court may look beyond the

---

[9] *Russell*, No. 23-CV-2873, Doc. 16-1 at 4; *Rubin*, No. 24-CV-1109, Doc. 10-1 at 4; *Bredar*, No. 24-CV-809, Doc. 12-1 at 4.

[10] *Russell*, No. 23-CV-2873, Doc. 16-1 at 4–6 (judicial immunity), 6 (sovereign immunity); *Rubin*, No. 24-CV-1109, Doc. 10-1 at 5–6 (judicial immunity), 6–7 (sovereign immunity); *Bredar*, No. 24-CV-809, Doc. 12-1 at 5–6 (judicial immunity), 6–7 (sovereign immunity).

[11] *Russell*, No. 23-CV-2873, Doc. 16-1 at 3–4; *Rubin*, No. 24-CV-1109, Doc. 10-1 at 7–8; *Bredar*, No. 24-CV-809, Doc. 12-1 at 7–8.

complaint to affidavits and exhibits in order to assure itself of personal jurisdiction," and must "construe all relevant pleading allegations in the light most favorable to the plaintiff, assume credibility, and draw the most favorable inferences for the existence of jurisdiction." *Id.* (cleaned up).

### 1. Judge Russell

Here, Mr. Ash relies on two exhibits to show service on Judge Russell.[12] One shows that a deputy sheriff hand delivered a copy of the summons to a deputy clerk in the Clerk's Office for the District of Maryland. *Russell*, No. 23-CV-2873, Doc. 11-7. In the other, Mr. Ash signed a certificate of service concerning the exhibits to the complaint to Judge Russell at the courthouse address, but he did not indicate whether service was accomplished by mail or hand-delivery. Doc. 11-6. This is inadequate to show valid service of process.

In an action against an officer or agency of the federal government, the plaintiff must serve the U.S. Attorney for the district where the suit is filed, the U.S. Attorney General, and the officer or agency. FED. R. CIV. P 4(i).[13] Mr. Ash has not done any of these three required things. There is no indication at all that the U.S Attorney or the Attorney General were served. Mr. Ash has made no showing that his method of service

---

[12] Mr. Ash relies on "Exhibit #11 and 12," *Russell*, No. 23-CV-2873, Doc. 18-1 at 2, but those exhibits are related to the removal proceedings and have nothing to do with service. *See* Doc. 11-11; Doc. 11-12. Exhibits 6 and 7 are the only exhibits that appear to be related to service. Doc. 11-6; Doc. 11-7.

[13] This matter was originally filed in state court, and then removed to this Court. The Maryland Rules of Civil Procedure contain the same requirements for service on an officer or employee of the United States. *See* MD. R. CIV. P. 2-124(n).

10

on Judge Russell complies with Maryland law, *see* FED. R. CIV. P. 4(e)(1), nor has he shown delivery to Judge Russell personally, or in any other method authorized by Federal Rule of Civil Procedure 4(e)(2).

### 2. Judge Bredar

Here, the only document of record related to service is a sheriff's deputy's return showing hand-delivery of the summons directed to Judge Bredar to a secretary at the courthouse. *Bredar*, No. 24-CV-809, Doc. 17-2.[14] This is inadequate to show service of process. He has made no effort to show service on the United States Attorney or Attorney General, both of which are required to receive service. He has made no showing that service on a secretary at work complies with Maryland law for service on an individual, *see* FED. R. CIV. P. 4(e)(1), nor has he shown delivery to Judge Bredar personally, or in any other method authorized by Federal Rule of Civil Procedure 4(e)(2).

### 3. Judge Rubin and Ms. Savoy

Mr. Ash's efforts to serve Judge Rubin and Ms. Savoy are also inadequate. While the defendants acknowledge that a copy of the complaint was delivered to the U.S. Attorney, *Rubin*, No. 24-CV-1109, Doc. 10-1 at 4, there is nothing in the record to show that the summons was so delivered, nor is there any indication of service on the Attorney General. Summonses directed to the defendants were delivered to someone at the courthouse, but not to these individual defendants. Doc. 9-13 (showing summons to

---

[14] Mr. Ash relies on "Exhibit #11 and 12," *Bredar*, No. 24-CV-809, Doc. 16 at 2, but there are no exhibits 11 and 12 on the docket to date.

Judge Rubin delivered to someone named Michelle); Doc. 9-14 (showing summons to Ms. Savoy delivered to the front desk clerk).  Mr. Ash has made no showing that his method of service complies with Maryland law, *see* FED. R. CIV. P. 4(e)(1), nor has he shown delivery to Judge Rubin or Ms. Savoy personally, or in any other method authorized by Federal Rule of Civil Procedure 4(e)(2).

### 4. Conclusion as to Service of Process

Mr. Ash's failure to obtain valid service of process is grounds for dismissal.  *See Conyers v. Dep't of Com.*, No. 17-CV-1370, 2018 WL 1947073, at *3 (D. Md. Apr. 24, 2018) (failure to properly serve federal defendants provides grounds for dismissal); *Johnson v. Azar*, No. 20-CV-2091, 2022 WL 874936, at *5 (D. Md. Mar. 24, 2022) (failure to properly serve federal defendants warrants a dismissal under Rule 12(b)(5), despite a plaintiff's *pro se* status).  In at least one of his briefs, Mr. Ash says that the time to obtain service should be extended.  *See Bredar*, No. 24-CV-809, Doc. 16 at 2.  Where, as here, the efforts of a *pro se* litigant to serve process are technically inadequate but provide actual notice to the defendant, courts often allow the litigant a chance to remedy the defects.  *See Armco, Inc. v. Penrod-Stauffer Bldg. Sys., Inc.*, 733 F.2d 1087, 1089 (4th Cir. 1984); *Eure v. Chase Bank USA, N.A.*, No. 21-CV-798, 2021 WL 9681478, at *2 (M.D.N.C. Dec. 13, 2021).

If, however, it is so clear that the complaint is subject to dismissal on other grounds that it would be "futile" to allow a plaintiff more time to properly serve the defendant, the Court may dismiss the case for lack of personal jurisdiction.  *See, e.g.*, *id.*; *El-Amin v. Int'l Longshoremen's Ass'n Local No. 333*, No. 10-CV-3653, 2011 WL

2580630, at *4 (D. Md. June 28, 2011).  For reasons that follow, all three complaints must be dismissed for many other reasons, so there is no reason to extend the time for Mr. Ash to try again to obtain service on the defendants in these three cases.

### B. Judicial Immunity and Sovereign Immunity

Judicial immunity shields judges from claims for damages in both their official and individual capacities.  *Mireles v. Waco*, 502 U.S. 9, 9–11 (1991) (per curiam); *Cochran v. Mahoney*, No. 21-CV-2313, 2021 WL 4503065, at *1 (D. Md. Sept. 29, 2021); *see also Westfall v. Tichnell*, No. 20-CV-271, 2021 WL 2434432, at *3 (D. Md. June 15, 2021); *Miller v. Purpura*, No. 21-CV-3206, 2022 WL 3083440, at *1 (D. Md. Aug. 3, 2022).  It is well settled that the clerk and other staff of the court have a derivative of judicial immunity known as quasi-judicial immunity for alleged actions taken in the course of their court duties.  *See, e.g.*, *Taylor v. Brooks*, No. 15-CV-1138, 2015 WL 4274834, at *2 (D.S.C. July 14, 2015) (collecting cases); *Fisher v. Chutkan*, No. 23-CV-1985, 2024 WL 1833906, at *2 (D.D.C. Apr. 16, 2024) (collecting cases); *Meyers v. United States*, No. 19-CV-38, 2019 WL 489137, at *2 (W.D. Va. Feb. 7, 2019) (collecting cases); *Honour v. Cooper*, 174 F. App'x 782 (4th Cir. 2006) (rejecting claims by plaintiff about the handling of his prior cases by judges and court staff).

Judicial immunity is absolute; when it applies, it does not merely protect judges from damages but protects them from such suits entirely.  *Mireles*, 502 U.S. at 11; *Gibson v. Goldston*, 85 F.4th 218, 223 (4th Cir. 2023).  Absolute immunity is designed to protect the judicial process, *see Forrester v. White*, 484 U.S. 219, 226–27 (1988), and thus it protects the judicial acts judges undertake as part of their public service.  *Gibson*, 85

F.4th at 223.  Judicial immunity applies to official duties and functions "normally performed by a judge" when the parties dealt with the judge in a "judicial capacity." *Stump v. Sparkman*, 435 U.S. 349, 362 (1978).  If a litigant does not agree with a court decision, the appropriate recourse is to appeal, not to sue the presiding judge.  *See, e.g.*, *Dinkins v. Moon*, No. 22-CV-73, 2023 WL 2564006, at *1 (W.D. Va. Mar. 17, 2023).

Here, Mr. Ash has filed suit against the defendants based on judicial actions taken by each of them in his civil case against OPM.  He is unhappy that Judge Russell granted a motion to dismiss his claims and that Judge Bredar found his motion to reconsider frivolous and denied it.  He thinks Judge Rubin should not have ordered transmission of his notice of appeal to the Fourth Circuit and that Ms. Savoy should not have implemented that order.  Challenges to a judge's order and the actions taken to implement it "are precisely the type of judicial action[s] covered by judicial immunity."  *Garrison v. Case*, No. 21-CV-2125, 2021 WL 6000024, at *2 (D. Md. Dec. 20, 2021).  Because Mr. Ash's claims are based on judicial acts, all four defendants are entitled to judicial immunity.

Judicial immunity has been long-established, and Mr. Ash's lawsuits against three judges are frivolous.  Beyond his conclusory and insufficient assertions of malfeasance, he has made no effort to explain why judicial immunity does not apply.  There is no factual allegation tending to plausibly indicate that any District Judges acted in the "clear absence of all jurisdiction." *Stump*, 435 U.S. at 356–57.

Mr. Ash is **WARNED** that if he continues his efforts to sue judges for decisions they make and actions they take in resolving cases he has filed, he will be subject to

sanctions, including consideration of a pre-filing injunction. *See Cromer v. Kraft Foods N. Am., Inc.*, 390 F.3d 812, 817–18 (4th Cir. 2004). Such tactics are abusive and a waste of court resources.

Under the well-established legal doctrine of sovereign immunity, the United States, its departments, and agencies cannot be sued without its express consent. *United States v. Mitchell,* 463 U.S. 206, 212 (1983). The bar of sovereign immunity cannot be avoided by naming officers or employees of the United States as defendants because, assuming those officers/employees are sued in their official capacity, they are, essentially, performing the responsibilities of the United States itself and thus are entitled to immunity as well. *See Gilbert v. DaGrossa*, 756 F.2d 1455, 1458 (9th Cir. 1985). Because the judicial immunity of all defendants is clear, the Court need not address the defendants' arguments on sovereign immunity further.

### C. Failure to State a Claim

Finally, the defendants move to dismiss for failure to state a claim pursuant to Federal Rules of Civil Procedure 8 and 12(b)(6). In addition to the other reasons these cases must be dismissed, all three complaints fail to state a claim on which relief may be granted. Mr. Ash cites and purportedly quotes from any number of statutes, but he alleges no facts that would support a cause of action under any of those statutes,[15] nor has he

---

[15] In at least one brief, Mr. Ash makes reference to another lawsuit he brought concerning his employment. *See Bredar*, 24-CV-809, Doc. 16 at 5. In that case, the Tenth Circuit upheld a district court decision granting a motion to dismiss. *Ash v. Buttigieg*, No. 22-CV-6195, 2023 WL 6293823, at *2 (10th Cir. 2023) (noting that Mr. Ash's brief "offers no factual background or legal authority from which we might discern which claim or issue his statements are intended to address.")

responded to the defendants' coherent briefs with any rational argument. All three complaints are frivolous.

## V.     Conclusion

Mr. Ash has not obtained valid service of process on any defendant, and all defendants are entitled to judicial immunity. The motions to dismiss will be granted.

Lawsuits are not games. *Pro se* litigants like Mr. Ash, while given some leeway, are not entitled to abuse the court system with frivolous lawsuits against immune defendants or with repetitive nonsensical court filings. If Mr. Ash continues to file frivolous lawsuits against judges, he should expect to be sanctioned.

It is **ORDERED** that:

1. In *Ash v. Russell*, No. 23-CV-2873,

    a. The motion to dismiss filed by defendant Russell, Doc. 16, is **GRANTED**.

    b. The plaintiff's motion and amended motion to remand, Doc. 19; Doc. 18, are **DENIED**.

    c. The plaintiff's motion to recuse Judge Stephanie Gallagher, Doc. 21, is **DENIED as moot**.

    d. The plaintiff's motion to recuse District Attorney Erik L. Barron and AUSA Ariana Arnold, Doc. 22, is **DENIED**.

    e. Judgment will be entered separately dismissing this case with prejudice.

2. In *Ash v. Bredar*, No. 24-CV-809,

    a. The motion to dismiss filed by defendant Bredar, Doc. 12 is **GRANTED**;

    b. The plaintiff's motion to remand, Doc. 16, is **DENIED**;

    c. The plaintiff's motion to recuse Judge Catherine Eagles, Doc. 19, is **DENIED**.

    d. Judgment will be entered separately dismissing this case with prejudice.

3. In *Ash v. Rubin*, No. 24-CV-1109,

    a. The motion to dismiss filed by defendants Rubin and Savoy, Doc. 10, is **GRANTED**;

    b. The plaintiff's motion to remand, Doc. 12, is **DENIED**.

    c. Judgment will be entered separately dismissing this case with prejudice.

This the 31st day of July, 2024.

                                                                                           _____
                                                                                           UNITED STATES DISTRICT JUDGE